UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JAN -9 PM 1: 15

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| KAREN E. O'CONNELL<br>249 Meriden Road<br>Lebanon, New Hampshire 03766<br><br>v.<br><br>SPRINGFIELD HOSPITAL. INC.<br>25 Ridgewood Road<br>Springfield, Vermont 05156<br>&<br>JOHN S. CIOCCHI, M.D.<br>25 Ridgewood Road<br>Springfield, Vermont 05156<br>&<br>Meena K. Moorthy, M.D.<br>25 Ridgewood Road<br>Springfield, Vermont 05156 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

NOW COMES Plaintiff Karen O'Connell, by and through counsel, George E. Spaneas, and in support of this complaint, respectfully says as follows:

1. Plaintiff requests a jury trial.

2. Plaintiff Karen E. O'Connell has a residential address of 249 Meriden Road, Lebanon, New Hampshire 03766.

3. Defendant Springfield Hospital, Inc. has an address of 25 Ridgewood Road, Springfield, Vermont 05156.

4. Defendant John S. Ciocchi, M.D., upon information and belief, is an employee of Springfield Hospital and has a work address of 25 Ridgewood Road, Springfield, Vermont 05156. Defendant Meena K. Moorthy, M.D., upon information and belief, is an employee or

agent of Springfield Hospital and has a work address of 25 Ridgewood Road, Springfield, Vermont 05156.

5. Federal court jurisdiction is proper as the parties are residents of different states and this matter exceeds $75,000 in damages.

6. On September 17, 2014, Plaintiff presented to the hospital with abdominal pain. The radiologist, Dr. Moorthy, incorrectly interpreted a CT image finding that the imaging revealed perforated diverticulitis without abscess formation. However, the Ct image of that day does in fact show abscess formations.

On September 30, 2014, Plaintiff went to Springfield Hospital. Plaintiff was suffering from severe abdominal pain. Plaintiff was admitted to Springfield Hospital.

7. Plaintiff had an abscess within her when she presented to the hospital.

8. On October 1, 2014, Plaintiff was taken to the hospital's operating room. Defendant John S. Ciocchi inappropriately attempted to perform surgery. Surgery should not have been attempted given the fact that Plaintiff had a large abscess in her abdomen. Plaintiff had a frozen pelvis and given that condition and the large abscess, surgery was inappropriate.

9. During the procedure, Plaintiff aspirated while on anesthesia.

10. As a result of the inappropriate treatment, Plaintiff was severely suffering and Defendants transferred Plaintiff to Dartmouth Hitchcock in Lebanon, New Hampshire.

11. As a result of Defendants' negligence in attempting surgery in the manner in which it was done and under the circumstances, Plaintiff suffered massive injuries and infections resulting in several procedures and admissions to the hospital.

## MEDICAL NEGLIGENCE

12. All prior paragraphs are incorporated herein.

13. Dr. Moorthy owed Plaintiff a duty to comply with the standard of care. The standard of care requires radiologists to interpret images correctly. Dr. Moorthy breached the standard of care by failing to recognize the abscess formations evident on the September 17, 2014 CT scan. As a result, Plaintiff did not receive proper treatment such as percutaneous drainage during that hospital stay. Had the Ct scan been correctly interpreted by Dr. Moorthy and drainage performed, repeat imaging would have been performed prior to Plaintiff's discharge to determine the correct status of Plaintiff's condition. Plaintiff did not receive repeat CT imaging before she was discharged to determine the status of the abscess formations. Had the CT scan of September 17, 2014 been correctly interpreted so that Plaintiff could have undergone percutaneous drainage and treatment for the abscess', Plaintiff would have avoided the serious infections and injuries she subsequently endured.

On September 30, 2014 and October 1, 2014, Defendant, Dr. Ciocchi, owed Plaintiff a duty to comply with the standard of care. The standard of care required Defendants, by use of a catheter, to drain the abscess Plaintiff had, not take her to the operating room for surgery as Defendants did. In breach of the standard of care, Defendants instead began operating on Plaintiff. The standard of care required Defendants to transfer Plaintiff to another hospital for drainage of the abscess if Defendants were incapable of doing that at Defendants' hospital. Defendants breached that standard by failing to transfer Plaintiff to a facility where proper treatment and drainage of the abscess could have been performed.

14. As a result of Defendants' failures and breaches of the above mentioned

3

standards, Plaintiff has suffered permanent injuries. Plaintiff's damages include loss of enjoyment of certain activities, pain and suffering, disfigurement, emotional distress, lost wages and lost future income. In addition, Plaintiff has incurred substantial medical bills. Plaintiff requests and seeks all damages available under the law.

### MEDICAL NEGLIGENCE - LACK OF INFORMED CONSENT - 12 V.S.A § 1909

15. All prior paragraphs are incorporated herein.

16. Defendant, Dr. Ciocchi, was the person providing professional treatment or diagnosis to Plaintiff. Dr. Ciocchi failed to disclose to Plaintiff alternatives to the surgery he performed, such as percutaneous abscess drainage. Defendant failed to disclose to Plaintiff the reasonable foreseeable risks and benefits involved regarding the surgery he performed as opposed to percutaneous abscess drainage and the benefits of percutaneous abscess drainage. A reasonable medical practitioner would have disclosed to Plaintiff the alternative of percutaneous abscess drainage and elective surgery. As a result of Defendant's above mentioned failures, Plaintiff was deprived of the opportunity to make a knowledgeable evaluation about her healthcare treatment. As a result of Defendant's failure, Plaintiff underwent an unnecessary surgical procedure at an inappropriate time. Had Plaintiff been made aware of the alternative of percutaneous drainage, Plaintiff would have chosen that alternative rather than undergo the surgical procedure at the time and manner in which Defendant performed the surgery. As a direct and proximate cause of Defendant's failure to provide Plaintiff with the appropriate information, Plaintiff underwent a surgery that resulted in significant and permanent injuries. Plaintiff's damages include loss of enjoyment of certain activities, pain and suffering, disfigurement, emotional distress, lost wages, significant medical bills. Plaintiff requests and

4

seeks all damages available under the law.

## RESPONDEAT SUPERIOR

17. All prior paragraphs are incorporated herein.

18. According to the doctrine of respondeat superior, the Defendant hospital is liable for the acts of the individual Defendant.

WHEREFORE, Plaintiff prays that:

A. She be awarded complete and full damages available under the law:

B. She be awarded any further relief as may be just and equitable.

December 4, 2017

RESPECTFULLY SUBMITTED
Karen O'Connell
By her Attorney,
George E. Spaneas

_____
Spaneas Law Office
79 Hanover Street
Lebanon, NH 03766
(603) 727-9595
george@spaneaslaw.com

## CERTIFICATE OF MERIT

Counsel, George E. Spaneas, hereby states that the claims of the present Complaint of Plaintiff are meritorious based on the following:

1. A general surgeon and a radiologist, both experts in their field with vast experience have reviewed the medical files of this case and opined that Springfield Hospital and Dr. John S. Ciocchi have departed from the standard of care in this matter.

2. A general surgeon and a radiologist, both experts in their field, have reviewed the medical records pertaining to Plaintiff and have opined that more likely than not, as a direct and

proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages and that except for the same, said damages would not have been suffered.

3. A general surgeon with vast experience has reviewed the medical files of this case, has been deposed and has opined that Dr. John S. Ciocchi has departed from the standard of care by failing to provide Plaintiff with informed consent. Such failure was a direct and proximate result of Plaintiff's damages.

Dated this 4st day of December, 2017 at Lebanon, New Hampshire.

December 4, 2017

RESPECTFULLY SUBMITTED
Karen O'Connell
By her Attorney,
George E. Spaneas

_____
George E. Spaneas, Esq.
Spaneas Law Office
79 Hanover Street
Lebanon, NH 03766
(603) 727-9595
george@spaneaslaw.com